CHARLES JONES and others *v.* JOHN E. HUNTER and another.

It is not necessary that a testament made in another State should be executed according to the forms prescribed by our laws to have effect here. It is sufficient that it be clothed with all the formalities prescribed for its validity in the place where it was made, by the laws of which its form is to be governed. C. C. 1589.

Where a will executed in another State has been admitted to probate there, by a court of competent jurisdiction, it will be presumed that the formalities required by the laws of that State were complied with, and that the judgment of the court was rendered after due and legal proceedings. No objection that it was not proved ao cording to those laws will be listened to.

An omission to state, in the certificates appended to an exemplification of a will and of the probate thereof in another State, that the Judge who certifies to the correct- ness of the copy is *the presiding Judge*, is immaterial, where it is well known that

Jones and others v. Hunter and another.

the Probate Courts of that State are composed of but a single Judge. Act of Congress of 26 May, 1790.

Though a will, made in another State according to its laws, may have effect and be executed here, its dispositions or effect, where the property disposed of is situated here, must be governed by our laws—*lege rei sitæ*—not by the law of the place of its execution. C. C. 10, 483.

The acknowledgment of an illegitmate child in a will, is sufficient to entitle such child, when not a colored one, to be considered a duly acknowledged natural child, and to receive as such. C. C. 221, 226, 227.

Art. 1589, of the Civil Code, creates no exception to the rule, that the transmission of immoveable property situated in this State, whether by inheritance or testamentary disposition, must be according to our laws.

A disposition in favor of a natural child or children, cannot exceed one-fourth of the property of the testator, if he leave a legitimate brother or sister, or one-third, if he leave more remote collateral relations. C. C. 1473. The remainder of his estate must go to his legitimate relations. Ib. 1474.

APPEAL from the District Court of Concordia, *Curry,* J.

SIMON, J. This is an action of revendication. The circumstances under which this suit was instituted are as follows : John Jones died in Claiborne county, Mississippi, in the year 1833. At the time of his death, he was seised and possessed of certain property situated in the parish of Concordia, consisting of tracts of land, forming a plantation which he cultivated, and a certain number of slaves, and personal property, which were all inventoried by the Judge of the parish of Concordia, on the 7th of October, 1833, as composing part of the estate of the deceased. It appears, that the deceased left neither ascendants nor descendants. The plaintiffs, (five in number,) who represent themselves to be the brothers of the half blood, and lawful heirs of John Jones, have instituted this suit to recover the property left by the deceased in the parish of Concordia, which property is alleged to be in the possession of John E. Hunter, and Thompson L. King, who hold it, and claim to be owners thereof. In the mean time, they call upon the defendants, and one John Briscoe, to produce in open court the titles to the said property.

The defendants, in their answer, plead first the general issue, specially denying the heirship alleged by the plaintiffs, and set up title to the property sued for, by purchase from John Briscoe, whom they call in warranty.

In the mean time, one William T. Proud, as tutor of Susannah Jones, presented his petition of intervention, in which, without joining either of the parties, but opposing both, he claims the whole estate for the minor : 1st. On the ground, that she is the duly acknowledged natural child of the deceased, and that, by operation of law, the whole succession devolved upon her by irregular succession; and 2d. On the ground, that by the last will of the deceased, made and executed in Mississippi, and duly proved and registered before the Probate Court of Claiborne county, in said State, and since duly recorded and ordered to be executed by the Court of Probates of the parish of Concordia, she was instituted the only heir of the deceased, and is entitled to recover the whole amount of his succession.

To this petition of intervention, the plaintiffs answered by a general denial; and by denying specially, the heirship of Susannah Jones. Two of the plaintiffs having died during the pendency of the action, their deaths were suggested, and their representatives called in the suit, and made parties plaintiffs.

We next find in the record, the intervention of Lewis A. Collier, asking to be substituted in the place of the defendants Hunter & King, to all whose rights in the property in dispute, he claims to have succeeded by virtue of his purchase at a Sheriff's sale made in March, 1841, by which, he alleges, he has become the only true and lawful owner of all of the said property. Two amended petitions were subsequently filed by Collier.

John Briscoe, who had, in the mean time, been called in warranty by the defendants, filed his answer contained in a petition of intervention, wherein he claims the property by virtue of a sale by public act, made to him by Eliza Jones, wife of one Bass, who, it is alleged, was the only collateral relative (sister) of the full blood, *in esse*, at the death of the said John Jones. He prays to be recognized as the only true and lawful owner of the property, and that L. A. Collier, who has the whole of it in his possession, may be condemned to account to him for all the fruits and revenues to the amount of $36,000, and to pay him $20,000, damages, &c.

Divers interlocutory proceedings were had during the progress of this suit; several motions were made and overruled; and, at last, the parties went to trial before a jury, who returned a verdict

in favor of the intervenor, Susannah Jones ; finding further, that the rents of the property sued for, were of a value equal to that of the improvements placed upon the property in dispute.

Collier moved for a new trial by two separate motions ; and presented an affidavit to show, that since the trial, he had discovered new and important evidence, &c. The plaintiffs also moved for a new trial, on the ground, that the verdict was contrary to law. All these motions were overruled, whereupon the Judge, *a quo*, rendered a judgment of nonsuit* against the plaintiffs, and in favor of Proud, tutor of Susannah Jones, and against L. A. Collier, who, in said judgment, is called the defendant, for the property ; and from this judgment, the plantiffs and Collier have appealed.

After a careful inspection and perusal of the record, our attention has been called to several bills of exception, which it contains ; and particularly, to those taken to the charge of the court, *a qua*, to the jury, in relation to the effect of the will of the deceased, produced in evidence by the intervenor, Proud, in support of the title set up under it by him for his ward. This will appears to have been executed in the State of Mississippi, by John Jones, who declares therein, that *his residence is in Louisiana ;* and was so executed in the presence of three witnesses. This testament was admitted to probate in Mississippi, after the Court of Probates had heard the evidence of one of the witnesses to the will to prove its execution, and a judgment was regularly rendered by which it was ordered, that said will be received and recorded. On presentation of a copy of the will and of the probate and record thereof, had in the State of Mississippi, the same was ordered to be admitted to record and executed by the Judge of the Court of Probates, of the parish of Concordia, in compliance with the provisions of our law, contained in arts. 1681 and 1682, of the Civil Code. Thus, the will under consideration became a matter of record in Louisiana, to have its effect here, provided the dispositions therein contained, are valid, and made according to our laws.

---

* The judgment was an absolute one against the plaintiffs.  R.

On the production of a copy of the will and proceedings in evidence in this cause, several objections were made to them by all the other parties to this suit, founded in substance upon the grounds : that *said will was not clothed with the formalities required by the laws of Louisiana, that it was not duly proved according to the laws of Mississippi*, and that *the authentication of the document produced was not in conformity with the laws of Congress, &c.*, all which objections were overruled by the lower court; and the opponents having offered to prove by the laws of Mississippi, which they offered in evidence, that the probate of said will was not made in conformity with those laws, the latter were rejected by the Judge, *a quo*.

I. Art. 1589, of the Civil Code, provides, that "testaments made in any of the States of the Union, shall take effect in this State, if they be clothed *with all the formalities prescribed for their validity in the place where* they have been respectively made." Thus, it is not necessary, that a will should be made according to the forms prescribed by our laws, if executed in another State, and its form is to be governed by the laws of the place where it is made. 5 Mart. N. S. 48. Here, it is not objected, that the will is not made according to the laws of Mississippi ; and, therefore, we must presume, that it was made in due form there, since it received the sanction of a competent court of that State.

II. The objection, that it was not proved according to the laws of Mississippi, was properly overruled. The will was admitted to probate by a court of competent jurisdiction ; and, in such case, we have always held, that we will presume that the formalities were regularly complied with. In this case, therefore, we must take for granted, that the Court of Probates of Mississippi, acted in conformity with the laws of that State ; and that its judgment was rendered after due and legal proceedings.

III. The record of the probate of said will appears to be properly authenticated. It is duly certified by the Clerk of the court, "that the transcript contains a true copy of the last will (and probate thereof,) of John Jones, as the same appears of record in his office," and the certificate of said Clerk is duly attested by the Judge of the Probate Court, in and for the county,

&c. It is true, that the Judge is not stated to be *the presiding Judge ;* but this is, in our opinion, immaterial in this cause, as it is well known, that the Probate Courts in Mississippi, are composed of but one Judge.

Having thus disposed of the principal objections made to the form of the evidence, we have now to inquire into the effect of the will in question under our laws, and this necessarily leads us to an examination of the charge of the court to the jury, as excepted to by the parties whose interest is adverse to the execution of the will.

The Judge, *a quo,* instructed the jury, substantially, as follows : 1st. That under the 1589th art. of the Civil Code, a will made in due form, in another State, according to the laws of that State, can have effect in Louisiana. 2d. That the disposition in this will must be governed by the laws of Mississippi ; and that, having been duly probated there, and also ordered to be executed here, it consequently operates on the property of the testator situated in Louisiana. 3d. That the will itself contains a full acknowledgment by the testator of the intervenor as his natural daughter. 4th. That the laws of Mississippi should govern in relation to wills, and dispositions of property by will in that State. 5th. That if the will contains dispositions which are prohibited by our laws, as being contrary to good morals or otherwise, such dispositions can have no effect ; but that it is different if the testator in his will, only makes a different disposition of his property from that provided by our laws, and such disposition should have effect, unless positively prohibited. 6th. That although our laws provide, that transmission, by inheritance, of immoveable property situated in the State, by persons residing out of it, must be made according to our laws, *the case of dispositions by will, and inheritances by instituted heirs under the will, seems to form an exception* by the art. 1589, of the Civil Code ; and he concluded by recommending to the jury, to give to this will such effect as *it imports on its face, &c.*

These charges were excepted to by the plaintiffs' counsel, who called upon the Judge, *a quo,* to desist from charging the jury as above set forth ; and the Judge having refused to comply with this request, the counsel took a bill of exceptions.

1st. The Judge was correct in this charge. We have already disposed of this point, and said, that under the art. 1589, by him cited, a will made in another State, in the form required by the laws of that State, can take effect in Louisiana.

2d. The Judge, *a quo*, in our opinion, erred. Although a will may be made in another State, according to its laws, *to have effect in Louisiana;* and although it may be executed here, if found to be in due form according to the laws of the State where it is made, it does not follow, that its dispositions, or its effect are to be governed by the laws of the place where the will was made, when the property disposed of is situated in Louisiana. Such dispositions must be governed *lege rei sitæ,* and our Code contains positive provisions to that effect. Art. 10, of the Civil Code, says, that " the effect of acts passed in one country, to have effect in another country, *is regulated by the laws of the country where they are to have effect;*" and art. 483, of the same Code, provides, that " persons who reside out of the State," (*a fortiori,* those who reside in it,) "cannot dispose of the property they possess here, *in a manner different from that prescribed by its laws.*" Here, the property bequeathed by the testator to Susannah Jones, is *all situated in this State;* and it is clear, that her capacity to receive, and the extent of the disposition made in her favor, should be regulated by, and according to the laws of Louisiana. This doctrine is so well settled in our jurisprudence, and the terms of our laws are so positive, that we are at a loss to conceive how the the Judge, *a quo,* could, for a moment, entertain the opinion as expressed by another charge, that the art. 1589, formed an exception to the rule which he appears to recognize, to a certain extent, in his sixth charge.

3d. The fact, that Susannah Jones is the illegitimate child of the testator, is by him acknowledged in the testament. This may perhaps be sufficient to entitle her to be considered as a duly acknowledged natural child; as, from the terms of art. 221, of the Civil Code, which points out one of the forms of acknowledgment, it is implied, that other proof of acknowledgment may be admitted, if the natural child is not a colored one. We think that this acknowledgment is sufficient to give her capacity to receive, as a natural child duly acknowledged. See the Civil Code, arts.

226, and 227 ; the last of which provides, that the proof of ac-knowledgment may result from the father's having, by all kinds of private writings, *acknowledged* the bastard *as his child*, or from his having called him so.

4th. This charge is undoubtedly correct, with regard to pro-perty situated in the State of Mississippi; but incorrect, if made to apply to property situated in Louisiana.

5th and 6th. These instructions are clearly incorrect. Art. 1589, of the Civil Code, contains no such exception as that stated by the Judge, *a quo*, to the jury ; and we have already demon-strated, that the transmission, by inheritance, or testamentary dis-position, of immoveable property, situated in this State, must be made according to our laws. Now, in this case, the disposition contained in John Jones' testament, by virtue of which the inter-venor, Proud, claims the estate in favor of the minor Susannah, extends to one-half of all the property, real and personal, which he possesses in Louisiana. Such a disposition, in favor of an acknowledged natural child, could not, by the terms of art. 1473, of our Code, exceed one-fourth of his property, if he leaves legi-timate brothers or sisters, and one-third, if he leaves more remote collateral relations. Thus, it is clear, that if the plaintiffs, and Eliza Bass, or either of them, have succeeded in showing that they are the legitimate brothers and sisters of the testator, the dis-position in favor of Susannah, should be reduced to one-fourth ; and the balance of the estate of the deceased, that is to say, the three other fourths, should go to his legitimate relations. Civil Code, art. 1474. Where did the lower Judge find, that accord-ing to the laws of Mississippi, the testator could dispose of th e whole in favor of his natural child ? Those laws were not proved on the trial ; and again, the disposition can not be governed by any other laws than those of Louisiana.

With this view of the District Judge's instructions to the jury, we have abstained from expressing any opinion upon any other part of the case, as it must be remanded to the inferior tribunal, to be tried, *de novo*. We have not deemed it necessary to ex-amine the points arising from the motions made for a .new trial ; as, from the opinions above expressed, the parties who complained of the verdict, have attained their object, and will have the benefit

of submitting their respective pretensions to a new jury, before whom they will have an opportunity of producing the newly discovered evidence, which was one of their grounds for obtaining a new trial.

With regard to the right of Susannah to recover the property, as inherited by irregular succession.—This is a distinct title which can only prevail, in case the plaintiffs, and Eliza Bass fail to convince the jury, that they are the legitimate relations of the deceased. This is a matter of fact peculiarly within the province of a jury, whose verdict we are always disposed to maintain, on such questions, unless manifestly erroneous.

It is, therefore, ordered, that the judgment of the District Court be annulled, and reversed; and it is ordered and decreed, that this cause be remanded to the inferior court, for a new trial, with instructions to the Judge, *a quo*, to desist from charging the jury in the manner complained of by the appellants; and to instruct said jury according to the legal principles established and recognized in this opinion. The costs in this court to be borne by the intervenor and appellee.

*Mayo* and *Dunlap*, for the plaintiffs and appellants.

*Stockton* and *Copley*, for the intervenor and appellant, Collier.

*F. H. Farrar* and *Stacy*, for the intervenor, Proud, tutor.

*Snyder*, for the warrantor.

*Bemiss*, for the defendants.